# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David M. Wasanyi, Defendant Below,
Petitioner**

**vs) No. 14-0844** (Berkeley County 12-C-806)

**Rite Aid Corporation, Plaintiff Below,
Respondent**

**FILED**

October 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David M. Wasanyi, by counsel Sherman L. Lambert Sr., appeals the Circuit Court of Berkeley County's July 28, 2014, order granting respondent's motion for summary judgment and dismissing his counterclaim. Respondent Rite Aid Corporation, by counsel Daniel T. Booth, filed a response. On appeal, petitioner alleges that the circuit court erred in finding there were no material facts in dispute and in dismissing his counterclaim.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2006, respondent made an employment offer to petitioner in a letter which explicitly stated that "[t]his letter does not constitute a contract." The letter further stated that petitioner's employment would be at will. In addition to a bi-weekly salary of $4,120, the letter also offered two $10,000 signing bonuses; one initial bonus and one paid after a year of service. However, the promissory note attached to the letter characterized the signing bonuses as a loan that would be forgiven upon petitioner completing two years of service. The loan would become repayable if petitioner separated employment prior to two years "for any reason." Petitioner accepted employment on August 11, 2006, and executed the promissory note.

In November of 2006, respondent paid petitioner the first $10,000 installment. Thereafter, on April 6, 2007, respondent terminated petitioner's employment, less than one year after be accepted the job. As such, petitioner was obligated to repay the $10,000 bonus within thirty days pursuant to the promissory note. However, petitioner failed to repay the signing bonus.

In October of 2012, respondent filed a civil action alleging breach of contract and demanding payment of the sum of $10,000, plus contractual pre-judgment interest at the rate of 6% from April 6, 2007, plus other costs. Petitioner thereafter filed an answer and counterclaim

alleging breach of contract. Ultimately, the circuit court granted respondent's motion for summary judgment. It is from that order that petitioner appeals.

We have previously held that "'[a] circuit court's entry of summary judgment is reviewed *de novo*.' Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994)." *Fleet v. Webber Springs Owners Ass'n, Inc.*, 235 W.Va. 184, - -, 772 S.E.2d 369, 373 (2015). Further,

> [i]n conducting our *de novo* review, we are mindful that "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. pt. 3, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

*Id.* Upon our review, the Court finds no error in the circuit court granting summary judgment to respondent because petitioner failed to establish a genuine issue of material fact. Further, because petitioner's counterclaim also failed to raise a genuine issue of material fact, we find no error in the circuit court dismissing the same.

Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error by the circuit court. Our review of the record supports the circuit court's decision to grant respondent's motion for summary judgment in spite of petitioner's alleged errors, which were also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignments of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error raised herein and direct the Clerk to attach a copy of the circuit court's July 28, 2014, "Order Granting Rite Aid's Motion For Summary Judgment" to this memorandum decision.

For the foregoing reasons, the circuit court's July 28, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: October 20, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II



# IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

RITE AID CORPORATION,
 Plaintiff

v.

Action No. 12 C-806

DAVID M. WASANYI,
 Defendant.

## ORDER GRANTING RITE AID'S MOTION FOR SUMMARY JUDGMENT

On June 23, 2014, the Plaintiff filed a motion for summary judgment and on July 7, 2014 the Defendant responded. Having heard from both sides on this matter, the court regards the motion as ripe for consideration.

Rite Aid sues a former employee to recover a signing bonus it paid to the employee. The terms of employment are set forth in an employment offer dated August 1, 2006 to David Wasanyi. The letter sets forth various terms of the proposed employment relationship, including the bonus, which is the subject of this suit. The letter states: "[T]his letter does not constitute a contract." Attached to the letter and also endorsed by the Defendant is a promissory note. Like the letter offer, the promissory note bears the date of August 1, 2006. The promissory note characterizes the $10,000.00 signing bonus as a loan and provides that the loan will be forgiven upon the completion of two years' service. The loan becomes repayable if Mr. Wasanyi separates from employment "for any reason."

1

Rite Aid claims that the payment of the signing bonus was over and above wages earned and cannot be considered wages. Rite Aid supports its motion by attaching the offer of employment and separate promissory note.

Mr. Wasanyi argues that the document must be a contract because of the assurances made within the offer, notwithstanding the disclaimer that it is not a contract. Relying on Rite Aid's motion, Mr. Wasanyi asserts that Rite Aid cannot on the one hand claim that the Defendant violated a contract and then claim that the offer letter is not a contract. Mr. Wasanyi further argues that he was implicitly entitled to support staff to permit him to practice his profession. Mr. Wasanyi offers no affidavit or authority to support his claims and instead relies on the text of the documents presented with the Plaintiff's motion.

The court first considers whether Rite Aid can offer an employee a benefit of this nature; that is, payment of sums over and above salary reserving to itself the right to reclaim it if Mr. Wasanyi's employment terminates "for any reason." Guided by *Gress v. Petersburg Foods, LLC*, 215 W. Va. 32, 592 S.E.2d 811 (2003), the court is convinced that Rite Aid's arrangement is lawful and enforceable. In *Gress*, a former employee filed a claim against her former employer claiming that her discharge shortly before a "yield bonus" distribution and without accounting for unused vacation violated that Wage Payment and Collection Act. The trial court granted summary judgment to the employee and the Supreme Court reversed, reasoning that the employer had the right to set the

terms under which fringe benefits like vacation and the bonus could be realized. The Court reasoned as follows:

> Before a fringe benefit is payable to an employee, the fringe benefit must have accrued to the employee. As defined in Meadows, the employer's policies define when a fringe benefit accrues to an employee. The terms of the appellant's policy dictated that to qualify for the yield bonus an employee must have been employed by the appellant on the date that the appellant distributed the yield bonus payments. Ms. Gress was not employed by the appellant on the date that the appellant distributed the yield bonuses; therefore, the yield bonus fringe benefit had not yet accrued to Ms. Gress. Because the yield bonus had not yet accrued to Ms. Gress, we need not decide whether the yield bonus was a fringe benefit "capable of calculation" and payable directly to an employee under the WPCA. Thus, we find that the circuit court erred in granting summary judgment in favor of the appellee on the issue of yield bonus pay.

*Gress v. Petersburg Foods, LLC*, 215 W. Va. 32, 36, 592 S.E.2d 811, 815 (2003).

Thus Rite Aid has the ability to define a fringe benefit like a bonus based on a clearly articulated standard and the court is in no place to second guess the fairness of the provision or the wisdom of its acceptance by Mr. Wasanyi. The fact is between competent contracting parties, these litigants can agree to whatever fringe benefit terms they desire and the court has been shown no statute or case law that shows that his agreement is not legal. Substantive unconscionability is not pleaded or demonstrated by these documents.

Further, Rite Aid secured its payment of the bonus by obtaining a promissory note separate and apart from the letter-form offer of employment. The fact that there is a

3

contract between Rite Aid and Mr. Wasanyi on the issue of repayment of the bonus, even though the letter form offer of employment does not constitute a contract itself. An employer can set for the terms and conditions of employment without binding itself to a contract. See, *Williams v. Precision Coil Inc.*, 194 W. Va. 52 459 S.E.2d 329 (1995) (employee handbook clearly indicating it did not establish a contract left the employment terminable at will). Thus, Mr. Wasanyi was an employee at will and could be terminated without cause. The documents before the court do not demonstrate any agreement to provide any particular staffing to Mr. Wasanyi or limit Rite Aid's options as an at-will employer.

The motion reflects that Mr. Wasanyi was terminated April 6, 2007, less than two years from his start date with Rite Aid. Thus he failed to meet the conditions necessary for forgiveness of the Promissory Note which he signed and the $10,000.00 payment was due 30 days after his separation from employment, or May 7, 2007.

WHEREFORE, it is now hereby ADJUDGED and ORDERED that the Plaintiff's motion for summary judgment is granted. Rite Aid shall recover of the Defendant David Wasanyi the amount of $14,321.55, which is the aggregate of the principal of $10,000.00 and the contractual pre-judgment interest at the rate of six percent from the date of the default until the date of judgment herein, plus post judgment from the date of this judgment at the rate of 7 percent per annum plus the costs of this action on the Plaintiff's behalf expended.

The counterclaim is dismissed with prejudice.

The pretrial on August 15, 2014 and the trial on August 15, 2014 are cancelled.

The Plaintiff may file an application for fees pursuant to its promissory note on or before August 25, 2014.

The objections and exceptions of Mr. Wasanyi are noted.

The clerk is directed send an attested copy of this order to counsel of record and unrepresented parties.

Enter this 25 day of July, 2014

A TRUE COPY
ATTEST
Virginia M. Sine
Clerk Circuit Court
By: _____
Deputy Clerk

_____
Michael D. Lorensen
Circuit Judge

The Clerk is directed to retire this action from the active docket and place it among causes ended.

5